```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
OHIO ENVIRONMENTAL                          :   CASE NO. 5:06-cv-742
DEVELOPMENT LIMITED                         :
PARTNERSHIP,                                :   JUDGE JAMES S. GWIN
                                            :
              Plaintiff,                    :   ORDER & OPINION
                                            :   [Resolving Docs. 31, 33 & 34]
vs.                                         :
                                            :
ENVIROTEST SYSTEMS CORP.,                   :
                                            :
              Defendant.                    :
                                            :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 18, 2006, Defendant Envirotest Systems Corp. ("Envirotest") filed a Motion for Leave to File an Amended Answer. [Doc. 31.] Specifically, Defendant sought to amend its Sixth Affirmative Defense to state, "OEDLP's claims are or may be barred, in whole or in part, by the doctrines of release, payment and/or accord and satisfaction, including but not limited to the 1999 Settlement Agreement with MARTA Technologies, Inc." On December 22, 2006, Plaintiff Ohio Environment Development Limited Partnership ("OEDLP") opposed the motion. [Doc. 33.] On December 29, 2006, Defendant filed a Reply in support of its motion. [Doc. 34.] For the following reasons, the Court **GRANTS** Defendant's Motion for Leave to File an Amended Answer.

Fed. R. Civ. P. 15(a) states that leave to amend a party's pleading "shall be freely given when justice so requires." The Sixth Circuit has found that "The thrust of the provision 'is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings.'"

-1-

Case No. 5:06-cv-742
Gwin, J.

*Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (citing *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Likewise, "there must be 'at least some significant showing of prejudice to the opponent' if the motion is to be denied." *Id.* (citing *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

Fed. R. Civ. P. 16(b) also governs Defendant's motion in the instant case because the proposed amendment has been filed after the deadline for amending the pleadings. This rule establishes that a scheduling order of the court "shall not be modified except upon a showing of good cause." FED. R. CIV. P. 16(b). The Court considers two primary factors in determining whether good cause exists: (1) diligence of the moving party; and (2) possible prejudice to the opposing party. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Defendant argues that good cause exists because the proposed amendment "merely clarifies the legal impact of the 1999 Settlement Agreement" by highlighting that the Settlement Agreement not only amends the terms and conditions of the Master Lease Agreement, but also gives rise to the affirmative defenses of waiver, accord and satisfaction, and release. *See id.* at 626 ("because Plaintiff's request to amend was a prompt effort to remedy pleading deficiencies identified by the district court in the dismissal order - as opposed to an effort to add new claims or parties - we envision no prejudice to Defendant from granting leave to amend").

Defendant also argues that the proposed amendment will not cause any prejudice to the plaintiff because it raises no new facts or legal issues. Specifically, Defendant notes that Plaintiff attached the 1999 Settlement Agreement as an exhibit to its original complaint and argues that Plaintiff has conducted discovery regarding the terms and conditions of the 1999 Settlement Agreement since the beginning of the case. Similarly, as the 1999 Settlement Agreement allegedly

Case No. 5:06-cv-742
Gwin, J.

amends the Master Lease Agreement, Defendant argues that Plaintiff bears the burden of establishing the operative terms and conditions of this agreement and any breach thereof. The Court agrees.

Plaintiff has not shown any prejudice that would result from the proposed amendment. Although Plaintiff avers that the proposed amendment raises new facts and legal issues, Plaintiff provides no further evidence or explanation to support this contention. Plaintiff asserts that it had no knowledge of what claims Defendant may try to assert under the 1999 Settlement Agreement. Likewise, Plaintiff argues that it had no reason to previously dispute the impact of the Settlement Agreement's release provisions because Defendant failed to plead release as an affirmative defense. Regardless, these arguments fail to establish any prejudice that would result from permitting the proposed amendment.

The Sixth Circuit has ruled that amendments to pleadings should be permitted in order to effect a just resolution unless prejudice results. *See Janikowski* 823 F.2d at 951. For the aforementioned reasons, the Court **GRANTS** Defendant's Motion for Leave to File an Amended Answer.

In addition, the Court **GRANTS** Plaintiff's motion for leave to conduct additional discovery on the issue of release prior to filing a response to a motion for summary judgement. Likewise, if this new discovery supports an amendment to the complaint, Plaintiff may file a motion to that effect for the Court's consideration.

IT IS SO ORDERED.

Dated: January 11, 2007                              s/     *James S. Gwin*

Case No. 5:06-cv-742
Gwin, J.

                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE